UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

KATIE MERRITT

                                      Plaintiff,

-against-                                                   3:25-CV-695 (LEK/MJK)

TIOGA COUNTY DEPARTMENT OF
SOCIAL SERVICES, et al.,

                                      Defendants.

## **MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Katie Merritt files a petition for a writ of habeas corpus under 28 U.S.C. § 2241, "to challenge the unlawful removal and continued custody of her infant son S.H. . . . by the Tioga County Department of Social Service." Dkt. No. 1 ("Complaint") at 1.[1] She "alleges her son was removed without a lawful court order, judicial determination, or sufficient evidence to support imminent danger, in violation of her fundamental parental rights under the U.S. Constitution." *Id.* Per the Complaint, S.H. was born on September 26, 2024, and was removed from Plaintiff's custody on October 1, 2024. *Id.* at 2. The Petition names as Defendants the Tioga County Department of Social Services, the Deputy Commissioner of Tioga Department of Social Services, Broome County Foster Care, and Judge Adam Schumacher. *Id.* Plaintiff seeks the issuance of a writ of habeas corpus so that her son is released to her custody. *See id.* at 4.

This matter comes before the Court following a Report-Recommendation filed on July 18, 2025, by the Honorable Mitchell J. Katz, United States Magistrate Judge, pursuant to 28

---

[1] Citations to Plaintiff's submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

U.S.C. § 636(b) and L.R. 72.3(d) of the Northern District of New York.[2] Dkt. No. 7 ("Report and Recommendation"). In the Report and Recommendation, Magistrate Judge Katz recommended dismissing the Complaint, with prejudice and without leave to amend. R. & R. at 19. Plaintiff objected. Dkt. No. 7 ("Objection").

For the reasons given below, this Court approves and adopts the Report and Recommendation in its entirety.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation, including its discussion of Plaintiff's factual allegations. *See* R. & R. at 4–5.

## III. LEGAL STANDARD

Within fourteen days after a party has been served with a copy of a magistrate judge's Report-Recommendation, the party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). When the party's objection is proper, the district court judge reviews the objected-to portion of the Report a Recommendation *de novo*. *See Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *2 (2d Cir. Oct. 28, 2025). If there is not a proper objection, the district court's review is for clear error. *Id.* A proper objection must (1) be timely, (2) be specific, and (3) not raise arguments that had not previously been made to the magistrate judge. *See id.* at *3. "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or

---

[2] This Court follows the Report-Recommendation as referring to the Petition as a Complaint the Petitioner as Plaintiff, and the Respondents as Defendants. *See* R. & R. at 1. As a result, the Magistrate Judge's recommendation is pursuant to L.R. 72.3(d), rather than L.R. 72.3(c), which applies to habeas petitions. However, no substantive difference arises from how the "Updated Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," Dkt. No. 1, is construed.

report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Federal Bureau of Prisons*, 368 F.Supp.3d 741, 744 (S.D.N.Y. 2019).

**IV. DISCUSSION**

    Plaintiff makes three objections to the Report and Recommendations. *See* Dkt. No. 7.

    1. The Magistrate Judge erred in determining that the Court lacks subject matter jurisdiction without addressing the full scope of Plaintiff's constitutional and statutory claims
    2. The dismissal with prejudice improperly precludes Plaintiff from amending her Complaint to clarify facts and legal grounds, which should be permitted in a pro se filing.
    3. The doctrine of judicial immunity does not apply to acts taken outside the scope of a judge's jurisdiction or in clear violation of constitutional rights.

    *Id.* at 1–2. The first and second objections are not sufficiently specific to merit *de novo* review. The first objection is conclusory. It does not explain how "addressing the full scope of Plaintiff's constitutional and statutory claims" would change the outcome. *See id.* at 1. The second objection is similarly conclusory, merely stating Plaintiff's displeasure with the conclusion of the Report and Recommendation, and does not explain why its reasoning is incorrect. *See id.*

    The third objection provides the Plaintiff's interpretation of the doctrine of judicial immunity. Construed liberally, the Court understands Plaintiff to be arguing that, due to the stated legal rules and the (purported) facts that Judge Schumacher lacked jurisdiction and clearly violated Plaintiff's constitutional rights, Judge Schumacher is not entitled to judicial immunity. As a result, the Report and Recommendation's conclusion that "any claim(s) against Judge

Schumacher in his personal capacity . . . [are] subject to dismissal on judicial immunity grounds," R. & R. at 16, is subject to *de novo* review.

Reviewing Plaintiff's third objection *de novo*, the Court finds the Report and Recommendation's conclusion that Judge Schumacher possesses judicial immunity for all claims in this Complaint to be legally correct and well-reasoned. *See* R. & R. at 15–17. Plaintiff claims that "judicial immunity does not apply to acts . . . in clear violation of constitutional rights," Obj. at 2. "The only two circumstances in which judicial immunity does not apply is when [a judge] takes action 'outside' his or her judicial capacity and when the judge takes action that, although judicial in nature, is taken 'in absence of jurisdiction.'" *Coon v. Merola*, No. 19-CV-394, 2019 WL 1981416, at *3 (N.D.N.Y. Apr. 8, 2019) (citing *Mireles v. Waco*, 402 U.S. 9, 11–12 (1991). Here, while Plaintiff alleges Judge Schumacher violated her constitutional rights, she has failed to demonstrate how Judge Schumacher "was acting outside of his judicial capacity or in the absence of jurisdiction." *McNair v. Utica Police Dep't*, 23-CV-699, 2023 WL 4935993, at *3 (N.D.N.Y. June 26, 2023), *report and recommendation adopted*, No. 23-CV-699, 2023 WL 4931609 (N.D.N.Y. Aug. 1, 2023). Thus, this objection is overruled.

Other than the third objection discussed above, the Court reviews the Report and Recommendation for clear error. *See Nambiar,* 2025 WL 3007285, at *2.

After carefully examining the record, the Court has determined that the rest of the Report and Recommendation evinces no clear error or manifest injustice.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation, Dkt. No. 6, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with prejudice and without leave to amend**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 16, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge